UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
**KEITH M. ERICSON,**                     )
                                          )
      Petitioner,              )
                                          )     Civil Action No.
      v.                       )     15-13677-FDS
                                          )
**LISA MITCHELL,**                        )
                                          )
      Respondent.              )
_____)

**MEMORANDUM AND ORDER ON RESPONDENT'S
MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO COMPLY
WITH RULE 2(c) OF THE RULES GOVERNING SECTION 2254 CASES**

**SAYLOR, J.**

      This is a petition for a writ of habeas corpus by a prisoner in state custody. Petitioner Keith M. Ericson was convicted on October 17, 2011, of one count of soliciting, enticing, or encouraging a child to pose in a state of nudity in violation of Mass. Gen. Laws ch. 272, § 29A and one count of possessing matter harmful to minors while intending to disseminate that matter to a minor in violation of Mass. Gen. Laws ch. 272, § 28. He was sentenced to ten to twenty years in state prison for the first count, followed by a consecutive ten-year period of probation with certain conditions. Proceeding *pro se*, he now seeks habeas relief pursuant to 28 U.S.C. § 2254. Respondent Lisa Mitchell has moved to dismiss the petition for failure to exhaust all available state remedies as required by 28 U.S.C. § 2254(d)(1)(A), or, in the alternative, for Ericson to comply with Rule 2(c) of the Rules Governing Section 2254 Cases. For the reasons set forth below, the motion to dismiss will be denied without prejudice, and the motion requiring compliance with Rule 2(c) will be granted.

Ericson timely appealed his convictions to the Massachusetts Appeals Court. He filed two briefs: one authored by appellate counsel and the other a *pro se* brief. On May 23, 2014, the Appeals Court affirmed Ericson's convictions. In June 2014, Ericson applied for leave to obtain further appellate review in the Massachusetts Supreme Judicial Court. On July 30, 2014, the Supreme Judicial Court denied the application. On October 29, 2015, Ericson petitioned this Court for writ of habeas corpus under 28 U.S.C. § 2254.

As an alternative to dismissal, respondent requests that Ericson write his petition in the form prescribed by Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, and comply with the prescribed form by tracking its provisions in order to allow respondent to ascertain the nature of his claims and indicate the extent to which he has exhausted state remedies. Rule 2(c) states that the petition must:

(1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground;

(3) state the relief requested;

(4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts.

Ericson's petition is 172 pages long and contains seemingly random excerpts, including an entire case and various segments from his previous memoranda and trial proceedings. It is unclear from the petition exactly what claims petitioner is asserting as grounds for relief. The

Court agrees that the petition in its current form presents ambiguities and handwriting so illegible and convoluted that it prevents respondent from reasonably preparing a response.

Rule 12 of the Rules Governing Section 2254 Cases states that the "Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  The Court will therefore treat respondent's motion to order compliance with Rule 2(c) as a motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 12(e) (a party may move for a more definite statement when the original complaint is "so vague or ambiguous that the party cannot reasonably prepare a response.").  Accordingly, respondent's motion will be granted.

For the reasons stated above, the Court finds that respondent's motion to comply with Rule 2(c) of the habeas rules governing section 2254 cases is GRANTED.  The Court hereby ORDERS Ericson to file a more definite statement adhering to the standard-form petition required by Rule 2(c) within 42 days of this order, or by July 13, 2016.

**So Ordered.**

Dated:  June 1, 2016

/s/  F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge